Per curiam

Where a matter is properly determinable at law, and the law can give complete relief, a’Court of Equity will not interfere. It is not stated in this bill when Delaney’s judgment was obtained — suppose it. to have been obtained before the sale to Perkins, tiie execution issued after a year and a day, arid after the death of Griffham, without any sd.fa. and therefore the execution is irregular and voidable, and may be avoided if the judgment was in tiie County Court by writ of error, or if in the Superior Court by taking advantage,, thereof in an ejectment, either as Plaintiff or by way of defence.— If Delaney’s judgment was after the sale to Perkins, then the land conhl not be affected by any execution issued upon it, and the Sheriff’s sale is void. Indeed it. lias been decided, that a Ji.fa. affects lands in this country but from the. teste, and not from the judgment, and that the judgment only prevents a sale by the owner. According to that decision it may be doubtful whether if,, this judgment of Delaney’s had been regularly revived by *423 Sffir, ja% against the heirs and terretenanta, whether the lands in the hands at Perkins were liable to be affected, as the fufa, would then issue in consequence of a new judgment. However this may be, it is evident as the present case is stated, that the complainant has remedy at law, and that there is no occasion for him tqcome into Equity for any relief. Wherefore let the demurrer- be allowed ; and as to the other part of the bill, w liieh seeks to perpetuate his testimony, as there is no objection made thereto, let the Plaintiff have commissions to take depositions.
Note. — Upon the first point see Glasgow v. Flowers, and the references in the note, ante 233. In Hester’s Adm’rs. v. Burton, it was held that an execution which issued upon a judgment after a year and a day was irregular, and it was set aside upon motion. 2 Hay. 136.— Bowen & others v. Lanier, N. C. Term Rep. 241, decides that errors in taw cannot be assigned to process in nature of an execution, for that, if irregular, must be- set aside in a different way, as by motion super-sedeas, or the like. The case of Oxley v. Mizle & others, says that the regularity of an execution cannot be questioned in an action of ejectment against a purchaser under a Sheriff’s sale. 3 Murph 250. This case, and also Weaver v. Cryer and Moore, 1 Dev. Rep. 337, hold that an execution issuing upon a judgment which is more than a year and a day old, is erroneous. It seems that the position in ihe principal case with regard to the irregularity of the execution is correct, but not so with respect to the mode of taking advantage of the error, nor indeed \v liether it can be taken advantage of at all against a purchaser under such irregular execution.